UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
SEMYON GRINBLAT,

                Plaintiff,

  -against-

FIRST CLASS FURNITURE AND
RUGS INC. ET AL.,

                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-06048-FB-SJB

**BLOCK, Senior District Judge:**

    On January 3, 2021, Magistrate Judge Sanket Bulsara issued a Report and Recommendation ("R&R") recommending that the action be dismissed. Specifically, Magistrate Judge Bulsara concluded that the sole plaintiff's death, combined with counsel's failure to timely respond to an order "directing counsel to provide legal authority for the Rule 25 substitution of Grinblat, the exercise of jurisdiction over Grinblat's state claims, and the substitution of a new class representative," counsels in favor of dismissal. ECF No. 11 at 2. Magistrate Judge Bulsara notes that since the plaintiff's ADA claim was extinguished upon his death, terminating the only federal claim, there is no longer federal subject matter jurisdiction over the matter. "[W]ith no federal subject-matter jurisdiction, the Court lacks supplemental jurisdiction over his state-law claims." *Id*. at 3-4; *see also Cohen*

1

*v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) (holding that a federal court may not exercise supplemental jurisdiction over state-law claims when all federal claims are dismissed for lack of subject-matter jurisdiction).

Magistrate Judge Bulsara's R&R stated that failure to object within fourteen days of the date of the R&R would preclude further review. Plaintiff's counsel filed a motion to dismiss without prejudice but has not lodged specific objections to the R&R. *See* ECF No. 12.

If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F .3d 162, 174 (2d Cir. 2000). No such error appears here. Accordingly, the Court adopts the R&R without de novo review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

                                                      _/S/ Frederic Block_____
                                                     FREDERIC BLOCK
                                                     Senior United States District Judge

Brooklyn, New York
July 29, 2021